UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANETTE L. PETERSON,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Civil Action No. 06-1650-CRD<br><br>ORDER REVERSING AND<br>REMANDING FOR PAYMENT<br>OF BENEFITS |

Plaintiff seeks judicial review of the final administrative decision denying her application for Supplemental Security Income ("SSI") disability benefits and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. § § 416(i), 423(d), 1381-1383(f), after a hearing before an administrative law judge ("ALJ"). The parties agree that this case must be reversed and remanded. The only issue is whether the remand is for further administrative proceedings or for payments of benefits without further proceedings. For the reasons set forth below, the Court ORDERS that the Commissioner's decision be REVERSED and REMANDED for payment of benefits.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 37 year old female. *See* Administrative Record ("AR") at 45. She completed high school and attended one and one-half years of college. *Id.* at 68. Her past relevant work experience includes: a food service worker, cashier, customer service representative, and daycare helper. *Id.* at 53. Plaintiff was sexually molested as a child and raped as a teenager and young

adult. *Id*. at 78-79, 222, 328. She has suffered from depression since she was a teenager. *Id*. at 77.

Plaintiff filed a concurrent claim for DIB and SSI benefits on August 15, 2001, alleging disability as of January, 1996 due to poor memory, anger problems, anxiety, depression, back pain, and insomnia. *Id*. at 45-48, 62. Her application was denied initially and upon reconsideration and plaintiff requested a hearing before an ALJ. *Id*. at 23-32. A hearing was held on August 5, 2003, at which time the ALJ heard testimony from plaintiff, who was represented by counsel. *Id.* at 330-57. On November 18, 2003, the ALJ issued a decision denying plaintiff's application. *Id*. at 13-19. On March 5, 2004, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id*. at 4-6; 20 C.F.R. § § 416.1481, 422.210. Plaintiff then appealed to District Court.

On October 5, 2004, based on a stipulation of the parties, the District Court remanded the matter for further administrative proceedings. *Id*. at 306-08. On remand, the ALJ was to update plaintiff's medical records and obtain consultative examinations. *Id*. at 306. On August 3, 2005, the ALJ held a second hearing, and again heard testimony from plaintiff. *Id*. at 432-52. On May 9, 2006, the ALJ issued a second decision, again finding plaintiff not disabled. *Id*. at 300-05. That decision became the Commissioner's final decision after remand from a federal court. 20 C.F.R. § 416.1484. This appeal followed.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. § § 405(g) and 1383(c)(3).

## III. ISSUES ON APPEAL

The parties agree that this case must be reversed and remanded. The only issue that remains is whether this Court should remand for further administrative proceedings or for payment of benefits without further proceedings.

## IV. DISCUSSION

This Court has the discretion to reverse the Commissioner's final decision with or without remand for further administrative proceedings. 42 U.S.C. § 405(g). The decision whether to remand a case for further proceedings turns on the likely utility of such proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). If there are unresolved issues and if the record does not clearly require a finding of disability, the court should remand for further proceedings to remedy defects in the original administrative record. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Here, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. AR at 304, Finding 21. At step two, the ALJ found that plaintiff's depression, anxiety, and substance abuse disorder were severe impairments. *Id*. at 304, Finding 2. At step three, the ALJ found that plaintiff's impairments, including substance abuse, met the requirements for several listed impairments (Listing 12.04, 12.06, and 12.09). *Id*. at 304, Finding 3. The ALJ then determined that plaintiff's substance abuse was material to her disability. *Id*. at 304, Finding 4.

The ALJ then determined that, without considering the effect of the substance abuse, plaintiff's mental impairments caused moderate limitations in her mental health functioning. *Id.* at 305, Finding 6. At step four, the ALJ found that plaintiff was able to perform her past relevant work. *Id.* at 305, Finding 7. Having made a dispositive decision at step four, the ALJ did not make a finding at step five. Thus, the ALJ found that plaintiff was not disabled as defined by the Social Security Act. *Id.* at 305, Finding 8.

The parties agree that the ALJ did not adequately address plaintiff's diagnosed personality disorder, post traumatic stress disorder, or pain disorder and did not adequately address lay witness testimony. *See* Dk. No. 17 at 2. However, the Commissioner disputes whether the ALJ properly addressed the evaluating psychologists' opinions. *Id.*

The Court finds that the ALJ improperly rejected the opinions of the three examining psychologists: Richard Washburn, Ph.D., Robert Parker, Ph.D, and Alan Breen, Ph.D. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). When the psychologists' opinions are accepted as true, coupled with the fact that plaintiff has been in remission for her substance abuse, it is clear that her condition meets the Listings under 12.04 and 12.06, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, 12.06, as the ALJ already determined. That plaintiff has already waited over six years for this disability determination, that this matter has already been once remanded, and that additional proceedings would pose further delay, additionally weigh in favor of an award of benefits. *See Smolen v. Chater*, 80 F.3d. 1273, 1292 (9th Cir. 1996) (noting seven-year delay and additional delay posed by further proceedings); *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985) (noting

administrative proceedings would only prolong already lengthy process and delay benefits). Accordingly, this Court deems that further administrative proceeds are not necessary and remands for payment of benefits. *See Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir. 1988) (stating that where the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for immediate award of benefits).

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for payment of benefits.

DATED this 14th day of December, 2007.

s/Carolyn R. Dimmick
———————————————
Carolyn R. Dimmick
United States District Court Judge